UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE O'CONNER ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CAPITAL MANAGEMENT SERVICES, ) | |
| LP ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Catherine O'Conner, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully aver as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Catherine O'Conner, is an adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.       Venue in this District is proper in that Defendant maintains a primary location in this District.

### III.  PARTIES

4.       Plaintiff, Catherine O'Conner, (hereafter, Plaintiff) is an adult natural person residing in Oceanside, New York.  At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.       Defendant, Capital Management Services, LP (hereafter, Defendant), at all times relevant hereto is an was a limited partnership engaged in the business of collecting debt within but not limited to the State of Minnesota and the State of New York with a primary location at 698 ½ S. Ogden Street, Buffalo, NY 14206.

6.       Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.       On or about January 1, 2012, Plaintiff with assistance from her personal legal counsel entered into a debt settlement arrangement with the Defendant on a debt allegedly owed on a past due account with WFNNB.

8.       Plaintiff was said to owe a balance of $800.00.

9.       Plaintiff was offered the opportunity to settle the account for $350.78 with the Defendant.

10. Plaintiff agreed to make four (4) monthly payments with the first payment of $104.65 due on or before January 13, 2012.

11. The second payment in the amount of $109.89 was due on or before January 23, 2012.

12. Plaintiff made the first two payments as agreed followed by the third payment in the amount of $109.89 on or before February 24, 2012.

13. Defendant accepted and did not return any of Plaintiff's three (3) payments.

14. On or about March 24, 2012, however, Defendant declined to accept Plaintiff's fourth and final payment in the amount of $26.35.

15. On or about April 24, 2012, when they discovered the payment was not processed, Plaintiff's legal counsel contacted Defendant who stated that the agreement was now null and void.

16. Defendant claimed that they had not received the Plaintiff's February payment.

17. At that time, Plaintiff's legal counsel was able to prove that the Defendant did in fact receive the payment (check #1322393) which had since been deposited and cleared.

18. Despite the receipt of Plaintiff's February payment, the Defendant refused to honor the settlement arrangement that was in place and would not accept Plaintiff's final payment.

19. On or about that same day, April 24, 2012, Defendant offered another settlement arrangement.

20. Defendant now requested that the Plaintiff settle the account for $204.79.

21. Plaintiff felt she had no other option but to accept Defendant's settlement offer despite the fact that she was being charged an additional $178.44 over the original settlement arrangement that was in place.

22. The Defendant breached this arrangement at no fault of the Plaintiff.

23. Defendant's actions of refusing to honor a settlement that was being paid as agreed and then increasing the settlement amount later appears to be have been done solely for the Defendant's own financial gain.

24. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

25. Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

27. At all times pertinent hereto, the conduct of all Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage

to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information |
| §§ 1692e(14): | Any name other then the true name of the debt collector's business |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require;

## COUNT II

### Violations of New York General Business Law §349

32. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34. GBL §349 provides in relevant part as follows:

    (a)    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

    (g)    This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

    (h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own

name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

35. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 18, 2012**

**BY: _/s/  Brent F. Vullings___**
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P:  610-489-6060
F:  610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com